THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 303 Associates,
 LLC, Respondent,
 v.
 A to Z Coatings
 & Sons, Inc., Ray Stocks, and R.D. Ayers, Defendants,
 Of whom A to Z
 Coatings and Sons, Inc. is the Appellant.
 
 
 

Appeal From Beaufort County
Curtis L. Coltrane, Master in Equity
Unpublished Opinion No. 2009-UP-548
Submitted November 2, 2009  Filed
 November 23, 2009
AFFIRMED

 
 
 
 R. Thayer Rivers, Jr., of Ridgeland, for Appellant.
 
 
 

PER CURIAM: A to Z Coatings and Sons, Inc. (A to Z), appeals the
 master in equity's order finding A to Z breached its contract and warranty for
 the installation of a roofing system on property owned by 303 Associates, LLC
 (303).  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:
1.  As
 to whether the master erred in finding A to Z breached the terms of the
 contract: Hawkins v. Greenwood Dev. Corp., 328 S.C. 585, 593, 493 S.E.2d 875, 879 (Ct.
 App. 1997) (explaining a party claiming impossibility of performance has the
 burden of proving the defense and impossibility must be real and not a mere
 inconvenience); Id. ("A party to a contract cannot be excused from
 performance on the theory of impossibility of performance unless it is made to
 appear that the thing to be done cannot by any means be accomplished, for if it
 is only improbable or out of the power of the obligor, it is not deemed in law
 impossible."); Moon v. Jordan, 301 S.C. 161, 164, 390 S.E.2d 488,
 490 (Ct. App. 1990) (holding a  party to a contract must perform its
 obligations under a contract unless its performance is rendered impossible by
 an act of God, the law, or by a third party).
2. 
 As to whether the master in equity erred in its award of damages and finding A
 to Z liable for a contract it did not sign: In re Care and Treatment of
 McCracken, 346 S.C. 87, 93, 551 S.E.2d 235, 239 (2001) ("A bald
 assertion, without supporting argument, does not preserve an issue for
 appeal.").
3.  As to whether the master in equity erred in
 finding A to Z liable for attorney's fees: Historic Charleston Holdings, LLC
 v. Mallon, 381 S.C. 417, 436, 673 S.E.2d 448, 458 (2009) (stating attorney's fees are recoverable if authorized by contract or statute).
AFFIRMED.
SHORT,
 THOMAS, and KONDUROS, JJ., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.